IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHESTER RAY MORRIS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv456 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Chester Ray Morris, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Morris was convicted of intoxication manslaughter on July 25, 2007, receiving a sentence of 15 years in prison. He took a direct appeal, and his conviction was affirmed by the Twelfth Judicial District Court of Appeals on August 6, 2008. *Morris v. State*, civil action no. 12-07-00331-CR, 2008 WL 3020736 (Tex.App.-Tyler, August 6, 2008, no pet.). On October 16, 2008, Morris filed a motion for extension of time to file a petition for discretionary review, which was denied by the Texas Court of Criminal Appeals that same day. No petition for discretionary review was filed.

Some three and a half years later, on March 8, 2012, Morris filed his first state habeas corpus petition. This petition was denied without written order on the findings of the trial court without a hearing. Morris later filed two more state habeas corpus petitions, which were dismissed as successive on July 10, 2013, and September 16, 2015. He signed his federal habeas corpus petition on August 3, 2017, and placed it in the prison mail system on August 9, 2017.

1

In his petition, Morris argued that: (1) his blood specimen was unlawfully taken, without his consent and without a warrant; (2) this blood specimen, taken two hours after the time he was driving, was insufficient to show that he had been intoxicated two hours earlier; (3) the arrest warrant affidavit lacked a notary seal and was thus hearsay; (4) appellate counsel caused Morris to miss his opportunity to file a petition for discretionary review and had a conflict of interest because he had started work as an assistant district attorney during the same time period; (5) trial counsel was ineffective for failing to properly litigate Morris' Fourth Amendment claim; and (6) Morris received ineffective assistance of counsel on appeal.

The Respondent filed an answer arguing that Morris' claims are barred by the statute of limitations and that Morris' Fourth Amendment claim is barred from federal review because he had a full and fair opportunity to litigate it in state court. Morris filed a reply contending that his Fourth Amendment claim is not barred because it was not fully litigated in state court due to ineffective assistance of counsel on appeal. He also maintained that appellate counsel failed to inform him of the decision on direct appeal, thus preventing him from seeking discretionary review, and that the failure to notify him of the decision provides grounds for equitable tolling of the limitations period. Finally, Morris contended that he is actually innocent.

## II. The Report of the Magistrate Judge

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that Morris' claims were barred by the statute of limitations, noting that although Morris claimed he was not told of the appellate court's decision, he learned of this decision no later than October 16, 2008, the day he filed his motion for extension of time to file a petition for discretionary review. From that date, three and a half years elapsed before Morris filed his first state habeas application. The Magistrate Judge concluded that this extraordinary lapse of time refuted any claim for equitable tolling. *Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013).

The Magistrate Judge also rejected Morris' claim of actual innocence, stating that Morris failed to present any new, reliable evidence in light of which no juror, acting reasonably, would have voted to find Morris guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013); *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Although Morris cited to a dissenting opinion in *Mireles v. State*, 993 S.W.2d 426, 432 (Tex.App.-San Antonio 1999), *aff'd* 9 S.W.3d 129 (Tex. 1999) (Green, J., dissenting) to argue that a blood alcohol test taken an hour after the traffic stop was insufficient evidence to show intoxication at the time of the stop, the Magistrate Judge pointed out that the dissent is not the law and that evidence of blood alcohol content in a test taken 80 minutes after a stop was admissible even without retrograde extrapolation evidence. Thus, the Magistrate Judge rejected Morris' contention that his blood alcohol reading of 0.17 two hours after the offense was not legally sufficient to show he was legally intoxicated at the time of the offense.

The Magistrate Judge further determined that Morris had not shown any other basis upon which the statute of limitations should be equitably tolled and that Morris was not entitled to a certificate of appealability.

### III. Morris' Objections

In his objections, Morris again complains that he was not notified in a timely manner of the affirmance of his conviction on direct appeal, but does not allude to the fact that he waited three and a half years after being denied an extension of time to seek discretionary review in which to file his first state habeas corpus petition. The Magistrate Judge correctly determined that this lapse of time refuted any claim for equitable tolling based on the failure to notify. This objection is without merit.

Next, Morris asserts that he has always maintained his innocence of being intoxicated on the night of the offense. He acknowledges that the state trooper testified that he smelled a strong odor of alcohol coming from Morris, that Morris' eyes were bloodshot and glassy, and that Morris' speech was slurred, and his blood alcohol level was measured at 0.17 two hours afterwards, but nonetheless argues that "the State offered no proof of Morris being intoxicated." This evidence is

plainly sufficient to show intoxication and the Magistrate Judge correctly determined that Morris pointed to no new evidence in light of which no reasonable juror could have voted to find him guilty beyond a reasonable doubt. This objection is without merit.

Morris goes on to contend that the alleged constitutional violations in his case had a "substantial injurious effect" and that the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented. He argues that "but for the constitutional violations, no rational juror would have convicted him beyond a reasonable doubt" and that the facts establish his actual innocence under the *Schlup* standard. The Magistrate Judge correctly concluded that Morris pointed to no new evidence of actual innocence and thus could not pass through the gateway of actual innocence so as to evade the procedural bar of the statute of limitations. *McQuiggin*, 569 U.S. at 392-93. The Magistrate Judge also properly determined that Morris failed to show he was entitled to a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Morris' objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Chester Ray Morris is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** March 11, 2019.

_____
Ron Clark, Senior District Judge